# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 17-237 Erie |
| | ) |
| v. | ) |
| | ) |
| C.O. DIRAIMO, | ) Magistrate Judge Richard A. Lanzillo |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Kareem Armstrong ("Plaintiff"), an inmate formerly incarcerated at the State Correctional Institution at Albion ("SCI-Albion"),[1] initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 29, 2017. ECF No. 1. In his Amended Complaint, Plaintiff alleges that the lone Defendant, Corrections Officer Diraimo ("Diraimo"), violated his constitutional rights as secured by the First, Eighth and Fourteenth Amendments by engaging in discrimination, retaliation, and sexual harassment. ECF No. 25.

The parties have filed cross-motions for summary judgment, each of which is fully briefed and ripe for disposition. ECF No. 32, 44. For the reasons set forth below, Defendant's motion will be granted and Plaintiff's motion will be denied.[2]

## I.   Factual Background

---

[1] Plaintiff has since been transferred to the State Correctional Institution at Somerset ("SCI-Somerset"). ECF No. 60.

[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. See ECF Nos. 9, 33.

1

On October 8, 2016, Plaintiff and another inmate, Tyrone Green, were on their way to pick up medication when Diraimo approached them and asked to examine their identification cards and medication passes. ECF No. 55 ¶ 4; ECF No. 37 ¶ 1. As they were returning to their housing unit from the medication line, Diraimo stopped them again and ordered Plaintiff to approach the guard station for a random pat-search. ECF No. 25 ¶ 8; ECF No. 37 ¶ 2. During the course of that search, Plaintiff alleges that Diraimo placed his hands inside of Plaintiff's boxer shorts, stroked his penis once, and grabbed his scrotum. ECF No. 55 ¶ 7; ECF No. 37 ¶ 5. When Plaintiff objected, Diraimo allegedly stated, "I do what the fuck I want," and, "I felt bigger." ECF No. 55 ¶ 7; ECF No. 37 ¶ 5.[3] Based on this incident, Plaintiff filed a complaint pursuant to the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 30301, *et seq*. ECF No. 57 at 8.

On March 20, 2017, Plaintiff was returning from the medication line when Diraimo again ordered him to submit to a pat-search. ECF No. 55 ¶ 12. Plaintiff informed Diraimo that he was not permitted to talk to him or touch him because of the pending PREA investigation. Id. ¶ 13. Diraimo allegedly responded by stating, "You enjoy the way, I touch you and the way you stick your ass out got my dick hard. Your PREA complaint don't work and when, I caught you alone I'm gonna show you what a real dick looks like." Id. ¶ 14. Plaintiff asked if he was free to leave, to which Diraimo responded, "yes!" Id. ¶ 15. Diraimo did not touch Plaintiff at any point during the encounter. Id. ¶ 15; ECF No. 46-1 at 52.

II.     **Standard of Review**

---

[3] Diraimo denies that the pat-search was conducted in an inappropriate manner or that he made any of the alleged statements. ECF No. 57 at 6.

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989) (the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare

assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Rather, the court is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Id. The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

"Where the party opposing a motion for summary judgment bears the ultimate burden of proof, the moving party may discharge its initial burden of showing that there is no genuine issue of material fact 'by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" Player v. Motiva Enterprises, LLC, 240 Fed.Appx 513, 522 n4 (3d Cir. 2007) quoting UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). If the moving party has satisfied its initial burden, the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact. Childers v. Joseph, 842 F.2d 689, 694-95 (3d Cir. 1988).

**III.    Discussion**

    **A.  Sexual Harassment**

Plaintiff first contends that Diraimo violated his constitutional right to be free from sexual abuse by stroking Plaintiff's penis and grabbing his scrotum during the course of a random pat-search. The Court's analysis of this claim is governed by the Third Circuit's recent decision to "join numerous sister Circuits in holding that prison sexual abuse can violate the Constitution." Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018). Speaking in "plainest terms," the Court emphasized that the "sexual abuse of prisoners, once overlooked as a distasteful blight on the prison system, offends our most basic principles of just punishment" because it "invades the most basic of dignity interests: to be treated as a human being." Id. (quoting Crawford v. Cuomo, 796 F.3d 252, 260 (2d Cir. 2015)). Simply put, such abuse is "not part of the penalty that criminal offenders pay for their offenses against society." Id. (quoting Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997)).

Prior to the Third Circuit's decision, courts had analyzed sexual abuse claims against prison officials through the prism of "the Supreme Court's excessive force precedents and its holding in Farmer v. Brennan that sexual assaults of inmates by inmates can implicate the right to be free from cruel and unusual punishment." Id. at 474 (citing Boddie, 105 F.3d at 861). In Ricks, the Third Circuit confirmed that the Farmer framework for excessive force claims "encompass[es] claims for sexual abuse and harassment by prison officials as well." Id. (citing Boddie, 105 F.3d at 861). This framework requires a plaintiff to satisfy both a subjective and an objective element. Id. at 473 (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)). In other words, "the incident must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind." Id. at 475.

### 1. Subjective Element

To evaluate the subjective prong, a reviewing court must consider "whether the official had a legitimate penological purpose or if he acted 'maliciously and sadistically for the very purpose of causing harm.'" Id. at 475 (quoting Whitley v. Albers, 475 U.S. 312, 319-20 (1986)). In the sexual abuse context, "[t]he nature of the violative conduct itself will often be enough to demonstrate the prison official's culpable state of mind." Id. For example, "if . . . the officer intentionally brings his or her genitalia into contact with the inmate in order to arouse or gratify the officer's sexual desire or humiliate the inmate, a violation is self-evident because there can be no penological justification for such contact." Crawford, 796 F.3d at 252. See also Boddie, 105 F.3d at 861 ("Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind."). On the other hand, where the contact is "incidental to legitimate official duties, such as a justifiable pat frisk or strip search," then it is less likely that the search was undertaken "to arouse or gratify the officer or humiliate the inmate." Ricks, 891 F.3d at 476 (quoting Crawford, 796 F.3d at 257-58). That said, "even if contact between an officer and inmate's genitalia was initially justified, if the officer finds no contraband, continued sexual contact may be actionable." Crawford, 796 F.3d at 257.

### 2. Objective Element

In addition to satisfying the subjective element, an inmate must demonstrate that the incident was so objectively "intolerable and cruel" or "capable of causing harm" as to violate the Eighth Amendment. Rick, 891 F.3d at 475. As courts have frequently observed, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." Id. (quoting Hudson, 503 U.S. at 9). Rather, "the Eighth Amendment shields inmates from only those actions

6

'repugnant to the conscience of mankind.'" Id. (quoting Hudson, 503 U.S. at 10). Thus, "even if sexualized touching lacks a penological purpose, it may still fall below the threshold of constitutional cognizability based on a lack of objective seriousness." Ricks, 891 F.3d at 476, 477-78 (declining to impose a "zero tolerance" standard for "all minor sexualized touching in prison," such that all such "inappropriate touching is *per se* unconstitutional.").

While the parameters of the objective prong of an Eighth Amendment claim are "difficult" to define, the Third Circuit has provided several useful guideposts. Id. First, while "a pattern of harassment and sexualized touching" may "more clearly" be considered objectively cruel and unusual, a properly stated Eighth Amendment sexual abuse claim "need not necessarily depend on the number of incidents." Id. at 474-75 (quoting Boddie, 105 F.3d at 861). To the contrary, "a single incident of sexual abuse, *if sufficiently severe or serious*, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." Id. at 474-75 (emphasis in original) (quoting Crawford, 796 F.3d at 257).

Second, "sexual harassment in the absence of contact or touching does not establish an Eighth Amendment violation." McCain v. Wetzel, 2018 WL 1211507, at *3 (W.D. Pa. Mar. 8, 2018) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). "Verbal harassment, including lewd comments, sexual propositioning, and the like, is not sufficient to satisfy the objective element of an Eighth Amendment sexual harassment claim." Id. (citing Manon v. Garrison, 2012 WL 3542328 (M.D. Pa. Aug. 15, 2012)). Rather, "physical sexual assault or threats of physical assault is required for the objective element to be met." Id.

Finally, the objective inquiry is "contextual" and "fact-specific," rather than mechanistic. Id. at 478 (declining to "craft a mechanical factors test for when sexual contact is objectively, sufficiently serious"). As explained by the Third Circuit:

> The scope, place and timing of the offensive conduct will bear on its severity, as will the details of the alleged contact. But it goes without saying that objectively serious sexual contact would include sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline. In context, including whether it violates established prison procedures, other sexualized touching may also be objectively serious.

Id.

### 3. Analysis

Turning first to the objective prong, there is no dispute that Plaintiff's Eighth Amendment claim is based on a single incident of sexual contact rather than a pattern of misconduct. See Ricks, 891 F.3d at 474. Plaintiff admits that Diraimo never touched him in a sexual manner during any of their encounters prior to October 8, 2016. ECF No. 46-1 at 17-19; ECF No. 46-2. Plaintiff also concedes that Diraimo did not physically touch him during their subsequent encounter on March 20, 2017. ECF No. 55 ¶ 12; ECF No. 46-1 at 52. Because his claim rests upon a single incident of alleged abuse, Plaintiff must demonstrate that his contact with Diraimo on October 8, 2016, was so "severe or serious" as to be "repugnant to the conscience of mankind.'" Ricks, 891 F.3d at 474 (quoting Hudson, 503 U.S. at 10).

After careful consideration of the record, pertinent caselaw, and "the scope, place, and timing of the offensive conduct," Ricks, 891 F.3d at 478, the Court concludes Plaintiff's allegation falls short of this objective standard. Federal courts have routinely held that isolated incidents of similar severity are insufficient to support a cognizable Eighth Amendment claim. See, e.g., McIntyre v. Kellinger, -- Fed. Appx. --, 2018 WL 3429964, at *1 (3d Cir. July 16, 2018) (holding that incident in which defendant dragged his hands down plaintiff's buttocks, gripped his buttocks, patted his thighs, and "squeezed [his] ass as if [he] was a woman" while whispering "in a sexual manner" during a pat-search was not objectively severe or serious to

8

establish an Eighth Amendment violation); Ricks, 891 F.3d at 479 (suggesting that an "isolated, momentary" incident in which guard "rubbed his erect penis against [plaintiff's] buttocks through both men's clothing" was not sufficiently severe, but allowing opportunity to amend); Boddie, 105 F.3d at 861 (allegations that a female correction officer squeezed plaintiff's penis, said "[Y]ou know [you're] a sexy black devil, I like you," bumped into plaintiff with her breasts, and pinned him against the wall "with her whole body vagina against penis" were not sufficiently serious to amount to an Eighth Amendment violation); Watson v. Wingard, 2018 WL 2108316 (W.D. Pa. Jan. 31, 2018) (allegations that defendant gave plaintiff an "upper cut" to the groin with his forearm, "groped and massaged [his] penis," and examined plaintiff's "butt . . . like a doctor" did not amount to sexual abuse); Washington v. Harris, 186 Fed. Appx. 865, 866 (11th Cir. 2006) (holding that inmate failed to state Eighth Amendment claim where a prison guard "crept up behind [the prisoner inmate] while he was working," grabbed his genitals, kissed him on the mouth, and threatened to perform oral sex on him); Jackson v. Madery, 158 Fed. Appx. 656, 661 (6th Cir. 2005) (holding that the plaintiff's allegations that a guard grabbed and rubbed his buttocks in a degrading manner during a shakedown in the food area was insufficient to establish an Eighth Amendment violation); Hughes v. Smith, 237 Fed. Appx. 756, 759 (3d Cir. 2007) (no Eighth Amendment violation where correctional officer allegedly touched the inmate's testicles through his clothing during a single pat-down frisk); Pantusco v. Sorrell, 2011 WL 2148392, at *7–8 (D.N.J. May 31, 2011) (defendant did not violate Eighth Amendment by groping plaintiff's genitals on a single occasion during a routine pat-search); Harris v. Zappan, 1999 WL 360203 (E.D. Pa. May 28, 1999) (allegations of one instance of sexually explicit comments combined with fondling and rubbing on thighs and breasts not sufficiently serious for an Eighth Amendment violation); Jones v. Culinary Manager II, 30 F.Supp.2d 491, 497 (E.D. Pa.

1998) (a single incident alleging that a guard pinned plaintiff and ground his pelvis against plaintiff's buttocks while threatening sex not sufficiently serious). Diraimo's alleged behavior, while certainly inappropriate and unprofessional, was isolated, momentary, and no more egregious than the allegations addressed in many of the cases cited above. Nor does it fall within the examples of misconduct identified in Ricks. See Ricks, 891 F.3d at 478 (defining serious sexual contact to include "sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline"). Simply put, the standard for sexual assault is not "zero tolerance for all minor sexualized touching in prison, such that all such claims are objectively serious to a constitutional degree." Ricks, 891 F.3d at 477. While there is nothing trivial about the mistreatment Plaintiff allegedly experienced, it does not amount to a cognizable constitutional violation.[4]

The Court reaches the same conclusion as to the subjective element. As noted above, the purpose of the subjective element is to "define culpable state of mind versus legitimate penological purpose." Ricks, 891 F.3d at 477. In the instant case, the alleged incident occurred during the course of a legitimate pat-search, a factor that cuts sharply against Plaintiff. See, e.g., Ricks, 891 F.3d at 476 ("We do not take issue with the focus of the analysis by other courts on whether the official performing the search had a penological purpose."); Crawford, 796 F.3d at 258 ("In determining whether an Eighth Amendment violation has occurred, the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate."). Even if Diraimo exceeded the scope of an ordinary pat-search by

---

[4] The Court also notes there is no evidence that Plaintiff sustained any injury as a result of the encounter. While "the absence of force or injury will not doom a sexual abuse claim outright," the Third Circuit has identified it as another potentially relevant factor. Ricks, 891 F.3d at 477 (noting that "physical injury will certainly signal severity").

momentarily touching Plaintiff's genitals, there is no evidence that he did so "to arouse or gratify" himself. Crawford, 796 F.3d at 257-58. To the contrary, his first comment, "I do what the fuck I want," suggests an intent to perform an overzealous search, rather than a sexualized one. The subsequent statement that he had "felt bigger" is best characterized as an immature taunt. Neither comment is so overtly sexual as to elevate "invasive touching that is permitted by law to ensure safety" into touching which violates the constitution. Ricks, 891 F.3d at 476.

In short, Plaintiff has failed to establish that he experienced conduct that was "repugnant to the conscience of mankind" or that the alleged violation took place under circumstances that suggest a "culpable state of mind." Id. at 475. Because Plaintiff cannot satisfy either element of his Eighth Amendment claim, summary judgment is appropriate.

### B. Equal Protection

Plaintiff next asserts that the same incident violated the Equal Protection Clause of the Fourteenth Amendment. According to Plaintiff, "everyone who is similarly situated as me, being a prisoner, has to be treated all the same way. So if he's pat searching me inappropriately, but not pat searching anyone else inappropriately, then he's just being discriminatory towards me." ECF No. 46-1 at 20. In his brief in opposition to Defendant's summary judgment motion, Plaintiff suggests, without citation to the record, that Diraimo discriminated against him because Plaintiff is a homosexual. ECF No. 58 at 13.

To survive summary judgment on his equal protection claim, Plaintiff must point to evidence in the record "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." Mack v. Warden Loretto FCI, 839 F.3d 286 (3d Cir 2016) (citing Hassan

11

v. City of New York, 804 F.3d 277, 294 (3d Cir. 2015)). Plaintiff has failed to satisfy either element. Although Plaintiff claims to be a homosexual,[5] his sexual identity has not been identified in his pleadings, declarations, deposition testimony, or any other evidence of record. It is axiomatic that arguments made in legal briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." Jersey Cent. Power & Light Co. v. Lacey Tp., 772 F.2d 1103, 1109-10 (3d Cir. 1985). Moreover, the record is utterly bereft of any evidence to suggest that Diraimo was aware of Plaintiff's allegedly homosexuality or that he intentionally singled Plaintiff out for mistreatment on that basis.

Perhaps recognizing that his membership in a protected class is unsupported, Plaintiff tacks on a conclusory reference to the possibility of pursuing an equal protection claim based on a "class of one" theory. See ECF No. 40 at 4; Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To succeed on such a theory, a plaintiff must show that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006)). In a prison setting, "an inmate must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination . . . [and] that his treatment was not 'reasonably related to [any] legitimate penological interests.'" Brayboy v. Johnson, 2018 WL 6018863, at *11 (E.D. Pa. Nov. 16, 2018) (quoting Holland v. Taylor, 604 F. Supp. 2d 692, 701 (D. Del. 2009)). See also DeHart v. Horn, 227 F.3d 47, 61 (3d Cir. 2000) (noting that, in a prison setting, the Equal Protection Clause only requires that a regulation which

---

[5] The sincerity of Plaintiff's sexual orientation has been called into question during prior litigation in this Court. In Armstrong v. Wetzel, 2015 WL 2455418 (W.D. Pa. May 22, 2015), the Court observed that Plaintiff had written a letter to a friend in which he stated that "gay shit aint never gonna be my style." Id. at *11. The Court opined that Plaintiff appeared to be faking homosexuality in order to secure single cell status. Id.

12

results in unequal treatment of an inmate bear some rational relationship to a legitimate penological interest).

To the extent that Plaintiff may be attempting to proceed on a "class of one" theory, he has failed to develop any sort of evidentiary basis to support his claim. The record contains no evidence that Plaintiff was treated differently than similarly situated inmates at SCI-Albion with respect to pat-searches, let alone that any such discrimination was intentional. Indeed, Plaintiff admitted during his deposition that "numerous complaints" from "[a]pproximately 10" other inmates at SCI-Albion had been lodged against Diraimo for conducting inappropriate pat-searches. ECF No. 46-1 at 20-21. This admission squarely refutes Plaintiff's suggestion that Diraimo intentionally singled him out for unequal treatment.

### C. Retaliation

Plaintiff's final allegation is that Diraimo retaliated against him for filing his PREA complaint by attempting to conduct another pat-down search on March 20, 2017. In order to establish illegal retaliation for engaging in protected conduct, a plaintiff must allege that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (citing Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001)).

Plaintiff's retaliation claim fails because he cannot establish that he suffered any adverse action. An "adverse action" is one that would "deter a person of ordinary firmness" from exercising his First Amendment rights. Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (quoting Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). However, the Third Circuit has

consistently maintained that "verbal threats alone do not constitute adverse action for the purposes of establishing a prima facie retaliation claim." Chruby v. Kowaleski, 534 Fed. Appx. 156, 161 (3d Cir. 2013); Dunbar v. Barone, 487 Fed. Appx. 721, 723 (3d Cir. 2012) (finding no adverse action based on allegation that Defendants called Plaintiff a "marked man" and threatened that his "days were numbered"); Burgos v. Canino, 358 Fed. Appx. 167 (3d Cir. 2007) ("Absent any allegation of physical harm, the defendants' verbal threats do not amount to a constitutional violation."). During his deposition, Plaintiff conceded that Diraimo never physically touched him at any point during the allegedly retaliatory incident. ECF No. 46-1 at 52. In the absence of any physical contact, Diraimo's verbal threat to catch Plaintiff alone and "show [him] what a real dick looks like" simply does not rise to the level of an adverse action. Chruby, 534 Fed. Appx. at 161.

### IV. CONCLUSION

For all of the foregoing reasons, Defendant's motion for summary judgment (ECF No. 44) will be GRANTED and Plaintiff's motion for summary judgment (ECF No. 32) will be DENIED. Judgment will be entered in favor of Defendant and against Plaintiff. An appropriate order follows.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: December 26, 2018